# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES D. CLEMENS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV416-335 |
| JOSE MORALES, Warden, | ) ) | |
| Respondent. | ) ) | |

## ORDER

Petitioner James Clemens is incarcerated at Coastal State Prison in the State of Georgia. Invoking 28 U.S.C. § 2254, he seeks dismissal of an Illinois detainer lodged against him and, apparently, release from custody.

The Interstate Agreement on Detainers Act (IADA), 18 U.S.C. App. pp. 585-620 (1985), is a congressionally sanctioned interstate compact which establishes a procedure for a prisoner incarcerated in one state to demand the speedy disposition of "any untried indictment, information, or complaint" that is the basis of a detainer lodged against him by another state. If the prisoner makes such demand, the IADA requires the authorities in the prosecuting state to bring the person to trial within

180 days, or that court must dismiss the indictment, information, or complaint, and the detainer will cease to be of any force or effect. The IADA requires a prisoner to "cause to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment." IADA, art. III(a).

Clemens' petition is deficient. First, he has filed for federal habeas relief in the district of his incarceration, which is the wrong venue. 28 U.S.C. § 1406(a). *See Carchman v. Nash*, 473 U.S. 716, 722 (1985). Venue lies in the prosecuting state which lodged the detainer against him -- Illinois. *See* doc. 1 at 1 (identifying Joliet, Illinois, as the detainer's origin). Clemens must refile his petition in a federal court in Illinois (the district where his state prosecution is pending).

Second, the IADA requires written notice of the place of imprisonment and request for a final disposition to be delivered, through the official having custody of the prisoner, to the prosecuting officer in the receiving state (*i.e.*, where his state prosecution is pending). IADA art. III(b). It is unclear from the petition whether Clemens followed these requirements, thereby bringing the 'timely trial' provisions of the

2

IADA into play. *See* doc. 1. It is further unclear whether the state in question failed to bring him to trial within the 180 day period required by the IADA. This information is necessary for relief to be granted by the appropriate district court.

Petitioner, apparently recognizing at least some of these deficiencies, asks the Court to transfer his case to the correct venue. Doc. 6 (motion to change venue). This case is therefore **TRANSFERRED** to the Northern District of Illinois for all further proceedings. *See* 28 U.S.C. § 1404(a) (permitting a district court to transfer any civil action to another district or division where it may have been brought for the convenience of parties and witnesses and in the interest of justice); *id.* § 93(a) (Kendall and Will counties, which share the city of Joliet, are located in the Eastern Division of the Northern District of Illinois).

**SO ORDERED,** this  23rd  day of January, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA