# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES CLEMENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV417-040 |
| | ) | |
| JOSE MORALES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner James Clemens is incarcerated at Coastal State Prison in the State of Georgia. Invoking 28 U.S.C. § 2254, he filed his petition in the Northern District of Georgia, seeking dismissal of an Illinois detainer lodged against him[1] and, apparently, release from custody. Doc. 1. But for the detainer, he claims, he would be released from custody within mere weeks. Doc. 15. He contends that he has requested, and been

---

[1] The Interstate Agreement on Detainers Act (IADA), 18 U.S.C. App. pp. 585-620 (1985), is a congressionally sanctioned interstate compact which establishes a procedure for a prisoner incarcerated in one state to demand the speedy disposition of "any untried indictment, information, or complaint" that is the basis of a detainer lodged against him by another state. If the prisoner makes such demand, the IADA requires the authorities in the prosecuting state to bring the person to trial within 180 days, or that court must dismiss the indictment, information, or complaint, and the detainer will cease to be of any force or effect. The IADA requires a prisoner to "cause to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment." IADA, art. III(a).

denied, a hearing on the detainer lodged against him and that extradition proceedings have begun. *See id.* He has entered a plea in the Illinois matter, *id.*, but it is unclear from his submissions to the Court what effect, if any, that plea has had on the extradition proceedings or his continued incarceration.

Construing his petition as one under 28 U.S.C. § 2241, the Northern District of Georgia transferred his case to the this district, the place of his incarceration. Doc. 3. This Court, in addition to noting multiple procedural deficiencies apparent in the pleadings, then transferred the matter to the Northern District of Illinois for disposition. Doc. 7. In doing so, the Court relied on *Carchman v. Nash*, 473 U.S. 716, 722 (1985), which noted that venue is proper in the prosecuting state which lodged the detainer against petitioner -- here, Illinois. Doc. 7.

The Northern District of Illinois disagreed, noting that petitioner's Will County, Illinois case for "operating a continuing financial enterprise, identi[t]y theft, and forgery . . . has not progressed past indictment because Clemens has not yet been arrested. *See Illinois v. Clemens*, No. 16 CF 776 (Circuit Court of Will County)." Doc. 11 at 1. Clemens informed the Northern District of Illinois that he would like to

plead guilty to those charges, and thus serve his Illinois sentence concurrently to his Georgia sentence. *Id.* (citing N.D. Ill. Doc. 6 *and* I.L.C.S. 5/5-8-4 ("When an Illinois court . . . imposes a sentence of imprisonment on a defendant who is already subject to a sentence of imprisonment imposed by an Illinois court, a court of another state, or a federal court, then the sentences shall run concurrently unless otherwise determined by the Illinois court under this Section.")). The Northern District of Illinois therefore determined that venue was proper in this district, based on the additional information provided by petitioner, because "the problem lies in the transferor state. Clemens alleges that Morales, the Georgia warden, has refused to file his final disposition request with the Illinois prosecutor and court as required by the IADA. . . . [and] by his reckoning, Georgia is thereby preventing his transfer to Illinois for resolution of the charges pending there[,]"which thus makes the case distinguishable from *Carchman*. *Id.* at 2.

So Clemens is back, nearly at the date of his release from Georgia custody and extradition to Illinois (apparently March 31, 2017) -- still without resolution of his attempt to serve his time for his Illinois crimes concurrently to the Georgia sentence already served. *See* doc. 15.

3

Meanwhile, this Court is in the dark, procedurally, on the communications and plans (if any) made by Illinois and Georgia regarding petitioner's incarceration and extradition.

Respondent is therefore **ORDERED**, by no later than March 30, 2017,[2] to file a response addressing petitioner's claim that Warden Morales has failed to process his request for disposition of the detainer lodged against him. Respondent shall furnish with the response a copy of any *relevant* documents that will elucidate the matter.

**SO ORDERED**, this  22nd  day of March, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Such short notice is made necessary due to petitioner's looming release date.