# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES CLEMENS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV417-040 |
| JOSE MORALES, Warden, | ) ) | |
| Respondent. | ) | |

## ORDER

Petitioner James Clemens is incarcerated by the State of Georgia at Coastal State Prison.[1] Invoking 28 U.S.C. § 2254, he filed his petition in the Northern District of Georgia, seeking dismissal of a detainer lodged against him by Illinois authorities and, apparently, release from custody. Doc. 1. But for the detainer, he claims, he would have been released from custody at the end of March 2017. Doc. 15. He contends that Warden Jose Morales is preventing him from invoking the Interstate Agreement on Detainers Act (IADA)[2] to challenge the Illinois detainer.

---

[1] At least he was in mid-April, 2017.

[2] The Interstate Agreement on Detainers Act (IADA), 18 U.S.C. App. pp. 585-620 (1985), is a congressionally sanctioned interstate compact which establishes a procedure for a prisoner incarcerated in one state to demand the speedy disposition of "any untried indictment, information, or complaint" that is the basis of a detainer lodged against him by another state. If the prisoner makes such demand, the IADA

*See id.* Respondent objects that Clemens has not complied with the procedural requirements of the IADA, *see* O.C.G.A. §42-6-20, Art. III (a), (b) (adopting and codifying the IADA), and that he has failed to fully exhaust his state habeas remedies before coming to federal court. Doc. 20 at 2-3; *see Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 489 (1973) (noting that petitioner had properly "exhausted all available state remedies as a prelude to this action.").

Respondent also contends that no *detainer* has actually been issued by authorities in Illinois. Docs. 20 at 2; 20-1 at 3; 24 at 3 (citing *Remeta v. Singletary*, 85 F.3d 513, 517 n. 4 (11th Cir. 1996) (defining "detainer" as "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent.")). A mere warrant of arrest from another state, with no accompanying request for his present custodian to hold the prisoner or give advance notice of his pending release, does not qualify as

---

requires the authorities in the prosecuting state to bring the person to trial within 180 days, or that court must dismiss the indictment, information, or complaint, and the detainer will cease to be of any force or effect. The IADA requires a prisoner to "cause to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment." IADA, art. III(a).

a detainer.  Respondent argues that Georgia Corrections officials have treated the "warrant of arrest" from Illinois as a "detainer" in their paperwork by name only; prior to this Court's involvement, petitioner's parole proceedings had actually continued as they normally would in the absence of any detainer wrinkle.  *See* doc. 23 at 3 (Illinois "warrant of arrest"); *id*. at 1-2 (March 3, 2017 Georgia Department of Corrections "acknowledgement of "detainer request"); *id*. at 4 (March 13, 2017 parole board "conditional reprieve" order making no reference to any hold or other requirement preventing release on parole).  It further appears that the Department of Corrections did not actually receive a copy of the "detainer" until March of this year (*see id*. at 1-2) -- months *after* Clemens filed his petition seeking habeas relief.  *See* doc. 1 (petition filed November 21, 2016).  If this is true, petitioner didn't have an IADA request to make when he first sought to invoke this Court's habeas jurisdiction.

The respondent further points out that since filing this action petitioner has agreed to "waive extradition" on April 6, 2017 -- seemingly mooting the entire controversy.  *See* doc. 25-1.  Specifically, Clemens agreed to "voluntarily and of [his] own free will  . . . waive rights to

extradition . . . and consent to return to the State of Illinois . . . to answer to the charge of continuing financial crimes, aggravated identity theft (4 counts) and forger[y] (4 counts)." *Id.* Thus, he seems to have accomplished just what he wanted -- getting his Illinois charges addressed during the pendency of his Georgia sentence. It is unclear whether he even remains in Georgia custody[3] or has been transferred to Illinois for disposition of the charges against him, or even if he has been *released* from custody altogether.

Clemens has not responded to the respondent's contentions that there was never any detainer to trigger the IADA or that, in any event, he failed to comply with its provisions and failed to exhaust his available state habeas remedies. It further appears that -- even assuming he has responses overcoming all of those defects -- the entire controversy has been mooted by his waiver of extradition. *See* 18 U.S.C. App. pp. 585-620 (IADA). Before ruling on this matter, however, the Court will afford Clemens an opportunity to respond, either admitting these defects, withdrawing his petition, or combatting respondent's arguments.

---

[3] The Court is unable to locate Clemens on the Georgia Department of Corrections inmate locator. *See* http://www.dcor.state.ga.us/GDC/Offender/Query.

4

Therefore, within 14 days of service of this Order, petitioner is **ORDERED** to update the Court on his current location, his Illinois criminal proceedings (if any), his Georgia parole proceedings (if any), and his arguments in opposition to respondent's motion to dismiss (if any).

**SO ORDERED**, this  10th  day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA